IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ORLANDO BETHEL, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | CIVIL ACTION 10-0614-CG-C |
| BALDWIN COUNTY DEPARTMENT OF HUMAN RESOURCES, et al., | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiffs filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees ("Motion") (Doc. 2). Plaintiffs' Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(1) for appropriate action. Because Plaintiffs failed to comply with Court's order dated January 18, 2011 regarding their Motion, it is recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

Upon review of Plaintiffs' Motion (Doc. 2), the Court denied it. (Doc. 3). But the Court granted Plaintiffs leave by January 31, 2011, to pay the $350.00 filing fee or to file individual motions to proceed without prepayment of fees on the Court's form for a motion to proceed without prepayment of fees. (Id.). In addition to each plaintiff filing a new motion, each plaintiff was ordered by January 31, 2011, to give his or her reasons, in writing, for giving inadequate or false statements in the present Motion and to explain why his or her new motion

1

should be considered accurate.  Plaintiffs were warned that their failure to timely comply with any aspect of the order would result in the dismissal of that Plaintiff from the action or in the dismissal of the action.  To date, Plaintiffs have not complied with the Court's order.

A district court has "the inherent authority to control the proceedings before [it], which includes the authority to impose 'reasonable and appropriate' sanctions."  Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002).  The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure.  Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); see Moon, 863 F.2d at 837 (the federal rules "provide sanctions for misconduct and for failure to comply with court orders").  This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link, 370 U.S. at 630-31, 82 S.Ct. at 1389.  "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice."  Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989); see Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (ruling the inherent powers of the courts include the power to dismiss an action for failure to comply with an order); see also Gratton  v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for … failure to comply with a court order").  And this inherent power authorizes a court to impose the sanction of dismissal of an action sua sponte.  Link, 370 U.S. at 630, 82 S.Ct. at 1389.

2

In considering the appropriate sanction, the Court is limited in its choices because Plaintiffs, who are pro se, will not abide by a Court's order and are seeking leave to proceed in forma pauperis. Thus, a monetary sanction would have no effect on Plaintiffs. Consequently, the dismissal of his action without prejudice is the more appropriate sanction as a lesser sanction will not suffice. See Moon, 863 F.2d at 837-39. Accordingly, it is recommended that this action be dismissed for failure to prosecute and to obey the Court's order.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 19th day of January, 2012.

      s/WILLIAM E. CASSADY
      UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      Objection.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:


A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.


        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.